THE EAST NEW YORK AND JAMAICA RAILROAD COMPANY, RESPONDENT, *v.* JAMES H. ELMORE, APPELLANT.

*Treasurer of corporation — credits himself with corporate funds — when demand before suit not necessary — Officers of corporation — selling individual stock to corporation to supply subscribers — when illegal.*

When the treasurer of a corporation receives money belonging to the corporation, and asserts rights thereto inconsistent with the right of the corporation to demand the same, and makes charges in the corporate books in extinguishment of his obligation to pay over the money to the corporation, a demand is not necessary before suit brought by the corporation to recover the money.

The plaintiff having issued all the stock it was authorized to, still had subscribers for seventy-two shares who had agreed to pay therefor at par; the defendant and the president of the company purchased a large portion of the stock, so issued, at fifty-five cents on the dollar, transferred seventy-two shares thereof to the subscribers, charging the company on the corporate books with the par value of such seventy-two shares. In an action against the treasurer by the corporation, he claimed such credit in his account with the company. *Held*, that only a clear case of necessity and consent would warrant a court in upholding such a transaction, both of which were wanting in this case. The defendant could not, by charging over the stock at its par value, make the corporation his debtor, and thus extinguish his liability for moneys received by him as its treasurer.

APPEAL from a judgment entered on a verdict directed by the court.

The action was brought to recover $1,108.08, alleged to have been collected and received by the defendant as treasurer of the plaintiff (the defendant having since ceased to be such treasurer), with interest from April 1, 1867.

The answer put in issue various allegations of the complaint, and then, by way of counter-claim, alleged that plaintiff was

indebted to the defendant for money, lent, advanced and paid out, and for money had and received by the plaintiff to the use of the defendant, and various other matters. The plaintiff replied denying the alleged counter-claim.

On the trial the following facts were presented by the evidence:

The amount of stock issued by the plaintiff was 2,119 shares, of the par value of fifty dollars per share, and no more.

This stock was issued as follows:

To William Durland, for stage franchise.......... 200 shares.
To Kimball & Co., contractors to build the road ... 1,919 "

Total ............................:...... ... 2,119 shares.

The defendant and Aaron A. DeGrauw entered into a contract with Kimball & Co., by which they purchased all of the stock which the company issued to Kimball & Co., excepting 100 shares at fifty-five cents on the dollar.

The certificates of stock which had been issued to Kimball & Co. were thereupon surrendered to the company, in order that new certificates therefor might be issued to those entitled to them. It seems that the company had subscribers for seventy-two shares of stock which they could not supply, having already issued (to Durland and Kimball & Co.) all the stock which the resolution of its board allowed them to issue. They were obliged either to fail to deliver the seventy-two shares of stock thus subscribed for, or supply the stock by obtaining it from those who had stock already issued. The treasurer, this defendant, thereupon issued to the subscribers the seventy-two shares, collecting the subscription-price (par), crediting himself with one-half the sum paid by the subscribers, and a similar sum to DeGrauw.

The court directed judgment against the defendant for the entire amount of $1,108.08 and interest.

*A. J. Vanderpoel*, for the appellant.

*Jno. E. Parsons*, for the respondent.

DAVIS, P. J. :

That the defendant was plaintiff's treasurer, and as such received

the money for which this action was brought, was clearly shown on both sides.

The plaintiff gave evidence tending to show a demand of the money before suit brought. The defendant denied such demand. Perhaps, on that question, if it were a material one, the case should have gone to the jury; but, under the circumstances of the case, I think no demand was necessary. The defendant asserted rights in himself to the money, which were in hostility to plaintiff's right to demand and receive it; and he had in fact, so far as in his power, canceled his obligation to pay over the money, by extinguishing his liability by charges against the plaintiff, which if rightfully made left the latter his debtor in more than $600. Having taken that position, he had no right to insist on a demand.

The only question in the case is, whether the defendant established his right to the set-off or counter-claim interposed by him. He was the treasurer and one of the directors of the corporation. The corporation had issued to the contractors who built the railroad 1,919 shares of its stock, which, with stock issued for the purchase of a stage franchise, is claimed to have exceeded the whole number of shares which under a resolution of its board could be issued. The stock thus issued to the contractors was all with the exception of 100 shares, purchased by defendant and one DeGrauw, who was president of the company, in their individual capacity, at fifty-five per cent of its par value. There were individual subscribers for seventy-two shares of stock, not yet issued, who had subscribed for and were bound to pay for the same at par. The certificates issued to the contractors for that portion of the stock bought by defendant and DeGrauw, were returned and new certificates made to them respectively of the same number of shares, less seventy-two, and certificates were then given to the subscribers above spoken of for seventy-two shares, thirty-six of which are claimed by the defendant to have been part of his purchase from the contractors, the par value of which would be $1,800. The plaintiff had received payment from the subscribers to that amount. The defendant gave himself credit, in his accounts as treasurer, for the sum of $1,800, the par value of such thirty-six shares, and claims thereby to extinguish his indebtedness for the money for which this suit is brought, and to recover the difference of some $600. This transaction is

not shown to have been known to or recognized by the board of directors. It is claimed by defendant that it was known to DeGrauw, the president, which, however, he denies. Assuming, however, that it was known and assented to by the president (for that is a question upon which the jury might have found favorably to tho defendant), it seems to me clear that these officers had no power to make any such transaction for their individual benefit. They could not buy in the stock of the company at a large discount for their individual account, and then supply the subscribers for shares, who had paid for the same at par, with a part of their shares, and make the corporation their debtor for the shares so supplied at their par value. Such transactions, if carried on to a large extent, would speedily absorb the capital of a corporation, and leave its stockholders the victims of the speculations of their officers in its stock. It would require, I think, a clear case of necessity and consent to warrant a court in upholding such a transaction, and necessity and consent were both wanting in this case.

The defendant may have equities upon which he can claim that his thirty-six shares of stock, used by himself and the president in the manner he states, shall be replaced to him. This it is not important to consider. But he cannot, by charging it over at par, make the corporation his debtor, and thus extinguish his liability for moneys held in his hands as its treasurer. The principles of law that prevent him from doing this are extremely well settled, and I think are clearly applicable to this case. (*Robinson* v. *Smith,* 3 Paige, 222; *Gardner* v. *Ogden,* 22 N. Y., 327; *Butts* v. *Wood,* 37 id., 317; *Aberdeen Railway Co.* v. *Blaikie,* 1 McQueen, 461; *Cumberland Coal Co.* v. *Sherman,* 30 Barb., 553; *Benson* v. *Heathorn,* 1 Younge & Coll., 326.)

The judgment should be affirmed.

DANIELS, J., concurred.

Judgment affirmed.